CHAYA M. MANDELBAUM (SBN: 239084)
Email: cmm@rezlaw.com
ERIN M. PULASKI (SBN: 270998)
Email: emp@rezlaw.com
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513

Attorneys for Plaintiff
ANUBHAV SINGH OBEROI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANUBHAV SINGH OBEROI,<br><br>        Plaintiff,<br><br>    vs.<br><br>AIRWIRE TECHNOLOGIES, JON BENGTSON, DEBASHIS BAGCHI, and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Anubhav Singh Oberoi ("A.S. Oberoi") complains and alleges as follows:

## PARTIES

1. Plaintiff is a resident of the County of Santa Clara in the State of California. He was an employee of Defendants from in or around February, 2016 until in or around March, 2018. During his employment with Defendants, Plaintiff primarily worked from his home office in San Jose, California.

2. Defendant AirWire Technologies ("AirWire") is a Nevada corporation headquartered in Reno, Nevada that is licensed to do business in California and is doing business in the County of Santa Clara, California.

3. Defendant Jon Bengston is the Chairman and Chief Financial Officer of AirWire. He is a resident of Reno, Nevada.

4. Defendant Debashis Bagchi is the Chief Executive Officer of AirWire. He is a resident of Reno, Nevada.

5. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was, at all times herein mentioned, an agent and/or representative of the remaining Defendants and was acting within the course and scope of such relationship and/or was a joint employer of Plaintiff along with the remaining Defendants. Plaintiff is further informed and believes that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining Defendants.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and a foreign state. The amount in controversy exceeds $75,000 exclusive of interest and costs.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges claims under the FLSA, a law of the United States.

8. This Court has personal jurisdiction over Defendants because they conduct substantial business in California, including this District, and have sufficient minimum contacts in California. Additionally, the acts and omissions alleged herein were committed by Defendants

in this District, as Plaintiff was employed by Defendants within this district.  Accordingly, Defendants intentionally avail themselves of this jurisdiction by employing workers in this District.

9. Defendant AirWire Technologies is registered with the California Secretary of State to do business in California.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.  Plaintiff was employed by Defendants within this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. A.S. Oberoi joined AirWire Technologies as its Vice President of World-Wide Business Development in February of 2016.  Starting in July of 2016, the company stopped paying Mr. Oberoi his salary, citing financial struggles.  Based on representations by the company's CEO, Debashis Bagchi, and Board Chairman and CFO, Jon Bengtson, that imminent influxes of capital would allow AirWire to pay him back soon, Mr. Oberoi continued working for the company without receiving his salary.  In order to survive, Mr. Oberoi depleted his savings and drained his 401k accounts.

12. While the company sporadically made small payments to him, it continued to employ him without paying him his salary for almost two years.  By March of 2018, the company's own payroll correspondences confirmed that Mr. Oberoi was owed almost $250,000 in accrued back pay.

13. In March of 2018, Mr. Bengtson circulated to Mr. Oberoi and his colleagues a memorandum that purported to retroactively notify them that the company had "ceased to accrue salary" as of December 31, 2017, despite the fact that Mr. Oberoi had continued to work for the company through the March 2018 date the memorandum was circulated.

14. Since March of 2018, AirWire has made almost no meaningful headway in paying off the hundreds of thousands of dollars it owes Mr. Oberoi in back wages, opting instead to use its available funds to pay significant advances to Mr. Bagchi and other officers and business investments it deems to be a higher priority.

# FIRST CAUSE OF ACTION

## (FLSA Minimum Wage Violations, 29 U.S.C. § 201 *et seq.*)

15. Plaintiff hereby incorporates by reference Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants were covered by Title 29 United States Code Section 203(e)(1) of the Fair Labor Standards Act of 1938 ("FLSA"), which defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee."

17. Starting in July 2016, when Defendants stopped paying Plaintiff wages, Defendants' were unable to meet the salary basis threshold for any exemptions to the minimum wage requirements and pursuant to Title 29 United States Code Section 206, Plaintiff was entitled to receive at least a minimum wage for all hours worked.

18. Defendants willfully failed to pay Plaintiff minimum wages for all hours worked, in violation of Title 29 United States Code Section 206(a)(1).

19. As a result of Defendants' willful and unlawful conduct, Plaintiff has suffered damages in an amount, subject to proof.

20. The FLSA claims are brought against Defendants Bengtson and Bagchi pursuant to provisions of 29 U.S.C. §§ 203(d) and (g) which permit liability of any person acting directly or indirectly in the interest of an employer in relation to an employee or who suffers or permits another to work.

21. Defendants Bengtson and Bagchi are individually liable because they exercised economic and operational control over the employment relationship of Plaintiff and have ownership interests in Defendant AirWire. Defendant Bagchi was Plaintiff's direct boss and the Chief Executive Officer of AirWire. He controlled and directed Plaintiff's work, both in terms of the means and manner in which Plaintiff performed his job. Defendant Bengtson was and is AirWire's Board Chairman and Chief Financial Officer. He also controlled critical aspects of Plaintiff's employment, including but not limited to the decision to stop paying Plaintiff his

agreed upon salary and deciding if, when, and in what amounts to make small installment payments of Plaintiff's wages.

22. Pursuant to Title 29 United States Code Sections 206(a)(1) and 216(b), Plaintiff is entitled to recover the full amount of unpaid minimum wages, liquidated damages, interest thereon, reasonable attorney's fees and costs of suit.

23. Pursuant to Title 29 United States Code Section 217, Plaintiff seeks an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from continuing to withhold payment of FLSA minimum wages to Plaintiff.

24. The above conduct constitutes "willful" violations of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### (FLSA Overtime Violations, 29 U.S.C. § 201 *et seq*.)

25. Plaintiff hereby incorporates by reference Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants were covered by Title 29 United States Code Section 203(e)(1) of the Fair Labor Standards Act of 1938 ("FLSA"), which defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee."

27. Defendants Bengtson and Bagchi are individually liable because they exercised economic and operational control over the employment relationship of Plaintiff and have ownership interests in Defendant AirWire. Defendant Bagchi was Plaintiff's direct boss and the Chief Executive Officer of AirWire. He controlled and directed Plaintiff's work, both in terms of the means and manner in which Plaintiff performed his job. Defendant Bengtson was and is AirWire's Board Chairman and Chief Financial Officer. He also controlled critical aspects of Plaintiff's employment, including but not limited to the decision to stop paying Plaintiff his

agreed upon salary and deciding if, when, and in what amounts to make small installment payments of Plaintiff's wages.

28. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek. Starting in July 2016, when Defendants stopped paying Plaintiff wages, Defendants' were unable to meet the salary basis threshold for any exemptions to the overtime wage requirements.

29. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

30. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

31. At all relevant times, Defendants had a policy and practice of failing to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff, including, records sufficient to determine accurately his wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

32. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, 29 U.S.C. § 216(b), for overtime violations and/or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION

**(Failure to Pay Agreed Upon Wages, Violations of California Labor Code § 200 *et seq.*)**

33. Plaintiff hereby incorporates by reference Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Defendant AirWire has, at all relevant times, been an employer within the meaning of the Labor Code and Industrial Welfare Commission orders. Defendants Bengtson and Bagchi are individually liable as employers because they were acting on behalf of Defendant AirWire and were owners, officers, and managing agents of Defendant AirWire.

35. When Plaintiff began his employment with Defendants, Plaintiff and Defendants agreed that Plaintiff would receive, in addition to equity compensation, a set salary, paid on a semi-monthly basis, that amounted to $175,000 per year.

36. Starting in July of 2016, the company stopped paying Mr. Oberoi his salary and continued to withhold his salary until the termination of Mr. Oberoi's employment in March 2018.

37. As a result of Defendants' failure to pay the salary, Plaintiff has claims for violations of the California Labor Code. *See e.g.*, Cal. Lab. Code § 204 (wages due in month earned); *id*. § 218.5 (actions for nonpayment of wages recognized); *id*. § 222 (unlawful for employer to withhold any part of agreed-upon wage).

38. Plaintiff performed all of the duties and obligations required of him by Defendants during his employment, including during the period that Defendants were not paying Plaintiff his salary.

39. As damages for Defendants' failure to pay wages in violation of the Labor Code, Defendants are liable to pay the amount of due unpaid salary, interest from the date the salary was due and payable, and attorney's fees and costs. *See id*. § 218.5; *id*. § 218.6; Cal. Civ. Code § 3281; *id*. § 3302; *id*. § 3289(b).

## FOURTH CAUSE OF ACTION

### Failure To Pay At Least The Legal Minimum Wage Rate For All Hours Worked

### (IWC Wage Order No. 4 § 4, Labor Code § 1194, 1197)

40. Plaintiff hereby incorporates by reference paragraphs 1 through 39 above, as if fully set herein.

41. Defendant AirWire has, at all relevant times, been an employer within the meaning of the Labor Code and Industrial Welfare Commission orders. Defendants Bengtson and Bagchi are individually liable as employers because they were acting on behalf of Defendant AirWire and were owners, officers, and managing agents of Defendant AirWire.

42. Starting in July 2016, when Defendants stopped paying Plaintiff wages, Defendants were unable to meet the salary basis threshold for any exemptions and Plaintiff was

covered by minimum wage requirements, including those enshrined in California Labor Code sections 1194 and 1197 and the Wage Order.

43. Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff is entitled to receive wages for all hours worked and those wages must be paid at least at the minimum wage rate in effect during the time he earned the wages.

44. Plaintiff worked fulltime and overtime hours after July 2016 and did not receive any of the wages he was entitled to, including the minimum wage for his hours.

45. As a result of the Defendants' unlawful conduct, Plaintiff has suffered damages in an amount subject to proof.

46. Pursuant to California Labor Code section 1194, Plaintiff is entitled to recover unpaid minimum wage, interest thereon, and attorney's fees and costs.

47. Pursuant to California Labor Code section 1194.2(a), Plaintiff is also entitled to recover liquidated damages in the amount of his unpaid minimum wages.

## FIFTH CAUSE OF ACTION

### (Failure To Pay Overtime Wages, IWC Wage Order No. 4 § 3, Labor Code §§ 510, 218.6, 1194)

48. Plaintiff hereby incorporates by reference Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. Defendant AirWire has, at all relevant times, been an employer within the meaning of the Labor Code and Industrial Welfare Commission orders. Defendants Bengtson and Bagchi are individually liable as employers because they were acting on behalf of Defendant AirWire and were owners, officers, and managing agents of Defendant AirWire.

50. Throughout the period covered by this action, Section 510 of the California Labor Code and Section 3 of California IWC Wage Order No. 4 have required employers such as Defendants to compensate employees such as Plaintiff at the rate of no less than one and one-half times their regular rate of pay for any and all work in excess of eight hours in one workday, any work in excess of 40 hours in any one workweek, and any work on the seventh day of work in any one workweek, and at a rate of no less than double their regular rate of pay for hours worked

over twelve in a day or in excess of eight hours on the seventh consecutive day (collectively referred to as "overtime wages" and "overtime hours").

51. Plaintiff has been required, suffered or permitted to work, and did work, overtime hours for which he was not paid overtime wages during the period covered by this action.

52. Starting in July 2016, when Defendants stopped paying Plaintiff wages, Defendants' were unable to meet the salary basis threshold for any exemptions to the overtime wage requirements.

53. Plaintiff often worked more than 8 hours in a day or 40 hours in a week and was not paid overtime premiums (or even the minimum wage) by Defendants.

54. Defendants' failure to pay overtime wages to Plaintiff as required by law permits a civil action to recover the unpaid overtime wages that were required to be paid, as well as interest thereon, reasonable attorney's fees, and costs of suit, under California Labor Code sections 218.5, 218.6, 510 and 1194.

## SIXTH CAUSE OF ACTION

**(Failure to Pay Wages at Time of Termination,**

**Violations of California Labor Code § 201 *et seq*.)**

55. Plaintiff hereby incorporates by reference Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. Defendant AirWire has, at all relevant times, been an employer within the meaning of the Labor Code and Industrial Welfare Commission orders. Defendants Bengtson and Bagchi are individually liable as employers because they were acting on behalf of Defendant AirWire and were owners, officers, and managing agents of Defendant AirWire.

57. At all relevant times, Defendants were employers of Plaintiff, who was an employee subject to California's Labor Code. California Labor Code section 203 imposes a penalty upon an employer that willfully fails to pay wages due at the time of separation.

58. Defendant constructively terminated Plaintiff's employment on or around March 2018 when it announced that it was no longer intending to pay Plaintiff his salary for future work, even if the funds to do so became available.

59. At the time of Plaintiff's termination, Defendants knowingly and willfully failed to pay Plaintiff all of the wages he had earned, as alleged herein and above.

60. Defendants knew that it owed Plaintiff unpaid wages at the time of his termination. Yet, it failed to pay the amounts due for more than thirty days and continues to fail to pay the amounts due. Such failure amounts to "willful" nonpayment of wages due. Accordingly, Plaintiff is entitled to the maximum penalty equivalent to thirty days pay, plus attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200)

61. Plaintiff hereby incorporates by reference Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. As a result of Defendants' failure to pay Plaintiff his earned wages in violation of the Labor Code, Defendants are liable for unfair competition in violation of the California Business and Professions Code. *See* Cal. Bus. & Prof. Code § 17200.

63. Defendants, by engaging in the unlawful, unfair, deceptive and fraudulent practices alleged herein, have enriched themselves at the expense of Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

64. As a remedy for Defendants' actions constituting unfair competition, Defendants are liable to pay restitution to Plaintiff in the amount of due but unpaid wages plus interest, costs, expenses and attorneys' fees, in amounts to be proven at trial. *See id*. § 17203; Cal. Civ. Code § 3287; *id*. § 3288.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Finding that Defendants are liable for violating the Fair Labor Standards Act and California Labor Code and awarding damages, including liquidated damages and interest, according to proof, as well as penalties and reasonable attorneys' fees and costs. To date, the failures to pay his agreed upon salary, along with waiting time penalties and interest exceeds $300,000, even after accounting for the minimal

installment payments AirWire provided sporadically. Factoring in liquidated damages, overtime premiums and attorney's fees to date, the monetary damages are approximately $400,000. The damages continue to accrue in the forms of prejudgment interest and the expenditure of attorneys' fees and costs;

2.  Finding that Defendants are liable for acts of unfair competition and awarding restitution, including interest, according to proof;

3.  An award of prejudgment and post-judgment interest; and,

4.  For such further legal and equitable relief as the Court deems just and proper.

DATED: January 31, 2020

Respectfully submitted,

RUDY, EXELROD, ZIEFF & LOWE, LLP

By: _/s/ Chaya Mandelbaum_
CHAYA M. MANDELBAUM
ERIN M. PULASKI
*Attorneys for Plaintiff*
ANUBHAV SINGH OBEROI

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury.

DATED: January 31, 2020

Respectfully submitted,

RUDY, EXELROD, ZIEFF & LOWE, LLP

By: _/s/ Chaya Mandelbaum_
CHAYA M. MANDELBAUM
ERIN M. PULASKI
*Attorneys for Plaintiff*
ANUBHAV SINGH OBEROI