47820-02

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH R. LORDAN, SB# 265610
　E-Mail: Joseph.Lordan@lewisbrisbois.com
ROBERT I. LOCKWOOD, SB# 259870
　E-Mail: Robert.Lockwood@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendants AIRWIRE TECHNOLOGIES, DEBASHIS BAGCHI, and JON BENGTSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ANUBHAV SINGH OBEROI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AIRWIRE TECHNOLOGIES, JON BENGTSON, DEBASHIS BAGCHI, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO. 5:20-cv-00753-SVK<br><br>**DEFENDANTS AIRWIRE TECHNOLOGIES, DEBASHIS BAGCHI, AND JON BENGTSON'S ANSWER TO PLAINTIFF'S COMPLAINT** |

　　　　Defendants, Debashis Bagchi, Jon Bengtson, and AirWire Technologies ("AirWire") (collectively "Defendants"), by and through their undersigned legal counsel of record, hereby answer the Complaint of Plaintiff Anubhav Singh Oberoi ("Plaintiff") ("Complaint"), and admit, deny and aver as follows:

## **PARTIES**

　　　　1.　　Defendants have insufficient information with which to admit or deny that the Plaintiff is a resident of the County of Santa Clara in the State of California and that he worked primarily from his home office in San Jose, California, as alleged in Paragraph 1 of the Complaint, and, therefore, deny the same. Defendants admit, however, that Plaintiff was an employee of AirWire from approximately February 2016 through December 31, 2017. Defendants deny each and every other allegation in Paragraph 1 of the Complaint.

2. Defendants admit that AirWire, as alleged in Paragraph 2 of the Complaint, is a Nevada corporation with its principle place of business in Reno, Nevada. Defendants admit further that AirWire has registered with the Secretary of State of California as a foreign corporation. Defendants deny that AirWire does business, as alleged in Paragraph 2 of the Complaint, in the County of Santa Clara, California.

3. Defendants admit, as alleged in Paragraph 3 of the Complaint, that Defendant Bengtson is the Chairman and Chief Financial Officer of AirWire and is a resident of the City of Reno, State of Nevada.

4. Defendants admit, as alleged in Paragraph 4 of the Complaint, that Defendant Bagchi is the Chief Executive Officer of AirWire and is a resident of the City of Reno, State of Nevada.

5. Defendants have insufficient information with which to admit or deny the allegations of Paragraph 5 of the Complaint and, therefore, deny the same.

## JURISDICTION AND VENUE

6. Defendants have insufficient information with which to admit or deny that the Parties of the Complaint are citizens of a foreign state, as alleged in Paragraph 6 of the Complaint, and, therefore, deny that Defendants are subject to personal jurisdiction pursuant to 28 U.S.C. § 1332(a). Defendants admit, however, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Paragraph 7 of the Complaint appears to consist of legal conclusions warranting no responsive pleading. If, however, a responsive pleading is required, Defendants admit that Plaintiff alleges claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 203 ("FLSA"), and that the FLSA is a law of the United States. Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint appears also to consist of legal conclusions warranting no responsive pleading. If, however, a responsive pleading is required, Defendants Bagchi and Bengtson deny that the Court has personal jurisdiction over them because they deny that they conduct substantial business in the State of California, including the District where this

Action was filed. AirWire admits this Court has jurisdiction over it.

9. Defendants admit, as alleged in Paragraph 9 of the Complaint, that AirWire has registered as a foreign corporation with the Secretary of State of the State of California.

10. Paragraph 10 of the Complaint appears to consist of legal conclusions warranting no responsive pleading. If, however, a responsive pleading is required, Defendants deny that a substantial part of the events giving rise to the alleged claims arose in the District where this Action was filed. AirWire admits that it employed Plaintiff while he was in the State of California. Defendants Bagchi and Bengtson deny that they were ever Plaintiff's employer under the FLSA, the California Labor Code or common law. Defendants deny the remaining allegations of Paragraph 10 of the Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Defendants admit, as alleged in Paragraph 11 of the Complaint, that Plaintiff joined AirWire as its Vice President of World-Wide Business Development in February of 2016. Defendants admit, further, that AirWire ceased making payments to Plaintiff on his salary by reason of poor financial conditions and prospects of the Company. Defendants deny that Defendants Bagchi and Bengtson advised Plaintiff that imminent influxes of capital would permit AirWire to resume payments on Plaintiff's salary as an inducement for the Plaintiff to continue working for AirWire. Defendants admit that Plaintiff and AirWire agreed that Plaintiff would continue working for a period of time but that the Plaintiff would be compensated for his work at a later date, as evidenced by the fact that Plaintiff chose to continue working without objection and that Plaintiff did indeed receive substantial advances against the compensation he would receive at a later date. Defendants have insufficient information with which to admit or deny that the Plaintiff depleted his savings and drained his 401K accounts and, therefore, deny the same.

12. Defendants deny as alleged in Paragraph 12 of the Complaint that AirWire discontinued payment to the Plaintiff of his salary. Rather, they aver that AirWire and Plaintiff agreed that Plaintiff would be paid for his services at a later date and in addition, in furtherance of this understanding, AirWire made significant advances to the Plaintiff over the remainder of the 23 month period of time Plaintiff was employed by AirWire. Defendants aver, further, that in

DEFENDANTS AIRWIRE TECHNOLOGIES, DEBASHIS BAGCHI, AND JON BENGTSON'S ANSWER TO PLAINTIFF'S COMPLAINT

March of 2018, the officers of AirWire, like Plaintiff, were advised that AirWire would stop accruing payroll. Plaintiff was informed, then, that he was free to seek other work. Defendants deny each and every other allegation in Paragraph 12 of the Complaint.

13. The defendants admit as alleged in Paragraph 13 of the Complaint, that AirWire, through Defendant Bengtson, CFO of AirWire, circulated to the officers of AirWire a memorandum stating that AirWire would no longer accrue compensation for the officers and directors, including Defendants Bengtson and Bagchi, as of December 31, 2017. Defendants admit that Plaintiff had stayed with AirWire up to that date pursuant to the Parties' agreement that Plaintiff would be compensated at a later date. Defendants deny the remaining allegations of Paragraph 13 of the Complaint.

14. Defendants deny, as alleged in Paragraph 14 of the Complaint, that AirWire owes Plaintiff hundreds of thousands of dollars in back wages and denies, further, that it opted, instead of paying Plaintiff, to pay significant advances to Defendant Bagchi and other officers. AirWire denies, further, as alleged in Paragraph 14 of the Complaint, that it invested in other business investments rather than pay Plaintiff, or for that matter that it paid Defendants Bengtson and. Bagchi their salaries. Defendants deny, finally, that AirWire or the individual Defendants owed Plaintiff hundreds of thousands of dollars. Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

**FIRST CAUSE OF ACTON**
**(FLSA MINIMUM WAGE VIOLATIONS 29 U.S.C. § 201, et. seq.)**

15. Defendants hereby incorporate by reference their responses to Paragraphs 1 through 14 of the Complaint as if set forth fully below.

16. Paragraph 16 of the Complaint appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, Defendants deny that they have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 2003, et. seq., and that Defendants were, at all relevant times, covered by Title 29 U.S.C. § 2003(e)(1) of the FLSA of 1938. At all relevant times, AirWire never had the requisite revenues to qualify as a covered entity under the FLSA and Defendants Bengtson and

Bagchi were never employers under the FLSA, the California Labor Code, and under common law.

17. Paragraph 17 of the Complaint appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, Defendants deny the allegations of Paragraph 17 of the Complaint.

18. Defendants deny each and every allegation contained in Paragraph 18 of the Complaint and aver, further, that AirWire and Plaintiff agreed that Plaintiff would be compensated, later, as the Vice President, World-Wide Business Development, of AirWire.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants admit, as alleged in Paragraph 21 of the Complaint, that Defendant Bagchi was the Chief Executive Officer of AirWire and that as Plaintiff was Vice President of World-Wide Business Development for AirWire; his direct report was to Defendant Bagchi. Defendants admit, further, that Defendant Bengtson was and is AirWire's Chairman of Board of Directors of AirWire and the Chief Financial Officer (CFO) of the Company. As the plaintiff was a Vice President of the Company in charge of world-wide business development, he was expected to be a self-starter and to formulate business development plans and, therefore, the defendants deny that Bagchi controlled and directed the plaintiff's work, both in terms of the means and manner in which the plaintiff performed his job. The defendants admit further that defendant Bengtson, as CFO and Board Chairman, participated in the decision-making process of the management of the Company related to his duties as CFO. The defendants deny, however, that they made small installment payments to plaintiff's wages, instead advancing at least $100,000 to the plaintiff, in addition to $70,000 paid outright as compensation during the term of the plaintiff's employment by AirWire. The defendants deny the remaining allegations of paragraph 21 of the Complaint.

22. The defendants deny the allegations set forth in Paragraph 22 of the Complaint,

given that, in fact, Plaintiff was paid the minimum wage for the approximate two-year period of time he was employed by AirWire.

23. Paragraph 23 of the Complaint appears to consist of a legal conclusion warranting no responsive pleading. It appears, however, to restate a portion of the relief that Plaintiff seeks.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint, and aver, in addition, that the Plaintiff was paid $70,000 in compensation over the 23 month period of employment plus Plaintiff received advances against compensation in excess of $100,000. Any shortfall in compensation was not willful but due to the agreement between AirWire and Plaintiff.

## SECOND CAUSE OF ACTION
### (FLSA OVERTIME VIOLATIONS 29 U.S.C. § 201 et. seq.)

25. Defendants hereby incorporate by reference their responses to Paragraphs 1 through 24 of the Complaint as if set forth fully below.

26. Defendants deny the allegations in Paragraph 26, save and except that 29 U.S.C. § 2000(e)(1) of the FLSA includes the language, "any person directly or indirectly in the interest of an employer relation to an employee."

27. Answering Paragraph 27 of the Complaint, Defendants admit that Defendants Bengtson and Bagchi have minority ownership interests as shareholders in AirWire. The Defendants admit further that Bagchi was the Chief Executive Officer of AirWire and that the Plaintiff was Vice President of World-Wide Business Development for AirWire, his direct report was to Defendant Bagchi. Defendants admit, further, that Defendant Bengtson was and is AirWire's Chairman of Board of Directors of AirWire and the Chief Financial Officer (CFO) of the Company. As Plaintiff was a Vice President of the Company in charge of world-wide business development, he was expected to be a self-starter and to formulate business development plans and, therefore, the defendants deny that Defendant Bagchi controlled and directed the plaintiff's work, both in terms of the means and manner in which the Plaintiff performed his job. Defendants admit further that Defendant Bengtson, as CFO and Board Chairman, participated in this decision-making process in the management of AirWire related to his position as CFO. Defendants deny, however, that they made small installment payments to Plaintiff's wages, instead advancing at

DEFENDANTS AIRWIRE TECHNOLOGIES, DEBASHIS BAGCHI, AND JON BENGTSON'S ANSWER TO PLAINTIFF'S COMPLAINT

least $100,000 to Plaintiff, in addition to $70,000 paid outright as wages during the term of Plaintiff's employment by AirWire. Defendants deny the remaining allegations of Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, Defendants deny that AirWire was not able to meet the salary basis threshold for any exemptions to the overtime wage requirements, having paid Plaintiff more than the minimum wage under state or federal law. Furthermore, none of Defendants were covered employees under the FLSA or the California Labor Code. And, Defendants deny that AirWire stopped paying Plaintiffs wages. Instead, AirWire and the Plaintiff had agreed that Plaintiff would be paid compensation due at a later date. That is, the compensation was owing but not yet due.

29. Defendants have insufficient information with which to admit or deny the allegations Paragraph 29 of the Complaint. If a responsive pleading is required, however, Defendants have insufficient information to admit or deny the allegations of Paragraph 29 of the Complaint and, therefore, deny the same.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny, as alleged in Paragraph 31 of the Complaint, that AirWire had a policy and practice of failing to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff, as Plaintiff was an exempt employee under the FLSA who was paid the same amount per week/month, notwithstanding the actual hours worked or not worked. Defendants aver further that the compensation Plaintiff received exceeded that required by the FLSA. Defendants deny the remaining allegations of Paragraph 31 of the Complaint.

32. Defendants admit, as alleged in Paragraph 32 of the Complaint, that Plaintiff is seeking damages in the amount of unpaid overtime compensation, but deny each and every allegation that Plaintiff is owed unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs and any other legal and equitable relief as the Court deems just and proper.

/ / /

## THIRD CAUSE OF ACTION
### (FAILURE TO PAY AGREED UPON WAGES VIOLATIONS OF CALIFORNIA LABOR § 200 et. seq.)

33. Defendants incorporate by reference their responses to Paragraphs 1 through 32 of the Complaint as if fully set forth below.

34. Defendants admit, as alleged in Paragraph 34 of the Complaint, that AirWire was, at all relevant times, the employer and the only employer of Plaintiff. Whether AirWire was, at all relevant times, an employer within the meaning of the California Labor Code and Industrial Welfare Commission, is a legal conclusion warranting no responsive pleading and a concept subject to proof at trial. Defendants deny that Defendants Bengtson and Bagchi are individually liable as employers as they were shareholders, but not the owners of AirWire. They were officers of AirWire and they acted on behalf of AirWire. Defendants deny the remaining allegations of Paragraph 34 of the Complaint.

35. Defendants admit as alleged in Paragraph 35 of the Complaint, that AirWire initially entered into an engagement with Plaintiff, wherein AirWire would pay compensation on a semi-monthly basis which amounted to $175,000 per year. Defendants admit further that the position of Vice President of World-Wide Business Development carried with it all normal group health, dental and personal time off benefits in effect from time to time that were afforded the AirWire executive team in addition to an option to purchase 500,000 shares of the Company's common stock pursuant to the 2007 Stock Option Plan at the fair market value of the stock as determined by the Board of Directors at the time of the grant. The defendants deny the remaining allegations of Paragraph 35 of the Complaint.

36. Defendants admit as alleged in Paragraph 36 of the Complaint, that AirWire was unable to make payment to Plaintiff of his salary until the termination of his employment in March of 2018. Defendants deny the remaining allegations of Paragraph 36 of the Complaint.

37. Defendants admit as alleged in Paragraph 37 of the Complaint, that AirWire only was financially unable to pay Plaintiff his salary after June 2016, but aver that AirWire made significant advances amounting in excess of $100,000 to Plaintiff, thereafter. AirWire also paid Plaintiff compensation in excess of that which might be due under the FLSA or the State of

California minimum wage provisions. Defendants deny the remaining allegations of Paragraph 37 of the Complaint.

38. Defendants have insufficient information with which to admit or deny the allegations of Paragraph 38 of the Complaint and, therefore, deny the same.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(FAILURE TO PAY AT LEAST THE LEGAL MINIMUM WAGE RATE**
**FOR ALL HOURS WORKED (IWC WAGE ORDER No. 4 § 4, Labor Code**
**§ 1194, § 1197)**

40. Defendants incorporate by reference their responses to Paragraphs 1 through 39 of the Complaint as if set forth fully below.

41. Defendants admit, as alleged in Paragraph 41 of the Complaint, that AirWire was, at all relevant times, the employer and the only employer of Plaintiff currently known. Whether AirWire was, at all relevant times, an employer within the meaning of the California Labor Code and Industrial Welfare Commission, is a legal conclusion warranting no responsive pleading and a concept subject to proof at trial. Defendants deny further that Defendants Bengtson and Bagchi are individually liable as employers as they were shareholders, but not the owners of AirWire. They were officers of AirWire, and they acted on behalf of AirWire as part of the appointed management of AirWire as alleged in Paragraph 41. Defendants deny the remaining allegations of Paragraph 41 of the Complaint.

42. Answering Paragraph 42 of the Complaint, Defendants deny AirWire "stopped paying wages to Plaintiff." Rather, Defendants aver that AirWire and Plaintiff agreed that Plaintiff would be compensated later at such time as funds were available. Furthermore, Plaintiff was actually paid compensation in excess of the minimum wage requirements of the FLSA and the California Labor Code. Moreover, Plaintiff was an exempt employee under the FLSA and the California Labor Code.

43. Paragraph 43 of the Complaint appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, Defendants admit that Plaintiff was entitled to be paid compensation under his employment agreement with AirWire but

that AirWire and Plaintiff agreed he would be paid at a later date.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint. Further, Defendants aver that AirWire and Plaintiff agreed that Plaintiff would be paid compensation at a later date as further alleged herein.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Complaint.

## FIFTH CAUSE OF ACTION
### (FAILURE TO PAY OVERTIME WAGES, IWC WAGE ORDER No. 4 § 3 Labor Code § 510, 218.6, 1194)

48. Defendants incorporate by reference their responses to Paragraphs 1 through 47 of the Complaint as if set forth fully below.

49. Defendants admit as alleged in Paragraph 49 of the Complaint, that AirWire was, at all relevant times, the employer and the only employer of the plaintiff. Whether AirWire was, at all relevant times, an employer within the meaning of the California Labor Code and Industrial Welfare Commission, is a legal conclusion warranting no responsive pleading and a concept subject to proof at trial. Defendants deny further that Defendants Bengtson and Bagchi are individually liable as employers as they were shareholders, but not the owners of AirWire. Rather, Defendants aver that they were officers of AirWire and they acted on behalf of AirWire as part of the appointed management team. Defendants deny the remaining allegations of Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, Defendants admit that the only defendant subject to § 510 of the California Code and § 3 of the California IWC Wage Order No. 4 is AirWire, the Company. Defendants admit further that employees who are otherwise not exempt are to be compensated under state law at the rate of no less than one and one-half the regular time for any and all work in excess of eight hours in one work day, work in excess of 40 hours in one work week, any work on the seventh day of any work week and at a rate of no less than double the regular rate for hours worked over 12 in a day or in excess of eight hours on the

seventh consecutive day. Defendants deny the remaining allegations of Paragraph 50 of the Complaint.

51. Defendants deny, as alleged in Paragraph 51 of the Complaint, that Plaintiff was denied any overtime pay as Plaintiff was an at all relevant times an exempt Vice-President of World-Wide Business Development under the California Labor Code. Further, Defendants deny that Plaintiff was required or suffered to work without compensation at any relevant time. Rather, AirWire and Plaintiff agreed that Plaintiff would be compensated at a later date as evidenced by the fact that he continued working and received substantial advances while he continued to work.

52. Defendants deny the allegations of Paragraph 52 of the Complaint.

53. Defendants deny the allegations of Paragraph 53 of the Complaint.

54. Defendants deny the allegations of Paragraph 54 of the Complaint.

## SIXTH CAUSE OF ACTION
### (FAILURE TO PAY WAGES AT TIME OF TERMINATION, VIOLATIONS OF CALIFORNIA CODE § 201 et. seq.)

55. Defendants hereby incorporate by reference their responses to Paragraphs 1 through 54 of the Complaint as if set forth fully below.

56. Defendants admit, as alleged in Paragraph 56 of the Complaint, that AirWire was, at all relevant times, the employer and the only employer of the Plaintiff. Whether AirWire was, at all relevant times, an employer within the meaning of the California Labor Code and Industrial Welfare Commission, is a legal conclusion warranting no responsive pleading and a concept subject to proof at trial. Defendants deny further that Defendants Bengtson and Bagchi are individually liable as employers as they were shareholders, but not the owners of AirWire. They were officers of AirWire and they acted on behalf of AirWire as part of its appointed management team. Defendants deny the remaining allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

59. Defendants deny the allegations of Paragraph 59 of the Complaint.

60. Defendants deny the allegations of Paragraph 60 of the Complaint.

/ / /

## SEVENTH CAUSE OF ACTION
### (UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200)

61. Defendants incorporate by reference their responses to Paragraphs 1 through 60 of the Complaint as if set forth fully below.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Complaint.

64. Defendants deny the allegations of Paragraph 64 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against defendants upon which relief can be granted.

2. Plaintiff failed to mitigate damages and/or losses claimed to have been suffered by him.

3. Without admitting that these answering Defendants have any dealings whatsoever with Plaintiff at all times, referred to in the Complaint, these answering Defendants, and each of them, exercised due care and good faith towards Plaintiff.

4. Plaintiff was an executive holding the position of Vice President of World-Wide Business Development for AirWire and was at all relevant times an exempt employee of AirWire. Therefore, Plaintiff should take nothing by way of the Complaint based upon the FLSA or the California Labor Code.

5. Defendants Bagchi and Bengtson were not employers for purposes of the FLSA and should be dismissed from those claims with prejudice.

6. There is no basis for personal liability for Defendants Bagchi and Bengtson under the California Labor Code and they should be dismissed from those claims with prejudice.

7. AirWire was not a covered entity under the FLSA, as its gross volume of income, sales and business done was less than $500,000 annually at all pertinent times.

8. Plaintiff was paid, in fact, by AirWire in amounts in excess of any amount due under either the California minimum wage law or the FLSA minimum wage requirements, both as to the hourly wage rate as well as any overtime compensation.

9.      Without conceding liability by Defendants, Defendants are entitled to a setoff of at least $170,000 from any award that Plaintiff might receive.

10.     The Complaint fails in all respects as AirWire and Plaintiff agreed that Plaintiff would be fully compensated at a later date as evidenced in part by the fact that Plaintiff continued to work without objection while receiving substantial advances from AirWire, thereby also preserving his opportunity to acquire 500,000 shares of stock in the company under the AirWire stock option plan.

11.     It has become necessary for Defendants to employ legal counsel and incur costs and expenses in the defense of Plaintiff's Complaint, such that Defendants are entitled to reasonable attorneys' fees, costs and expenses.

12.     Pursuant to Rule 11 of the Federal Rules of Civil Procedure, at the time of the filing of Defendants' answer, all possible affirmative defenses may not have been alleged as much as insufficient facts and other relevant information may not have been available after reasonable inquiry and, therefore, Defendants reserve the right to amend this answer to allege affirmative defenses if subsequent investigation warrants the same.

Wherefore, Defendants pray as follows:

1.      That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2.      That the Court award to Defendants reasonable attorneys' fees and costs incurred herein; and

3.      For such other, further and additional relief as the Court deems just and proper.

DATED: March 31, 2020            LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Robert I. Lockwood*
Joseph R. Lordan
Robert I. Lockwood
Attorneys for Defendants AIRWIRE TECHNOLOGIES, DEBASHIS BAGCHI, and JON BENGTSON

/ / /

/ / /



**JURY DEMAND**

Defendants AIRWIRE TECHNOLOGIES, DEBASHIS BAGCHI, and JON BENGTSON hereby request a trial by jury.

DATED: March 31, 2020     LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Robert I. Lockwood*
Joseph R. Lordan
Robert I. Lockwood
Attorneys for Defendants AIRWIRE TECHNOLOGIES, DEBASHIS BAGCHI, and JON BENGTSON

