# Exhibit 1

# EXHIBIT 1

JOSEPH R. LORDAN, SB# 265610
Email: joseph.lordan@lewisbrisbois.com
ROBERT I. LOCKWOOD, SB #259870
Email: robert.lockwood@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
333 Bush Street, Suite 1100
San Francisco, CA 94104-2872
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

CHARLES R. ZEH, ESQ., *Pro Hac Vice*
Email: crzeh@aol.com
THE LAW OFFICES OF CHARLES R. ZEH, ESQ.
50 West Liberty Street, Suite 950
Reno, NV 89501
Telephone: (775) 323-5700
Facsimile: (775) 786-8183
Attorneys for Defendant
AIRWIRE TECHNOLOGIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

* * * * *

| | |
|---|---|
| ANUBHAV SINGH OBEROI,<br><br>Plaintiff,<br><br>v.<br><br>AIRWIRE TECHNOLOGIES, JON BENGTSON, DEBASHIS BAGCHI, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case Number: 5:20-cv-00753-SVK<br><br>**AMENDED ANSWER OF DEFENDANTS AIRWIRE TECHNOLOGIES, JON BENGTSON, AND DEBASHIS BAGCHI** |

COMES NOW, the defendant, AirWire Technologies ("AirWire"), by and through its legal counsel in answer to the complaint of Anubhav Singh Oberoi, and admits, denies and avers as follows:

1

## PARTIES

1. Answering defendant has insufficient information with which to admit or deny that the plaintiff is a resident of the County of Santa Clara in the State of California and that he worked primarily from his home office in San Jose, California, as alleged in paragraph 1 of the complaint, and, therefore, deny the same. Answering defendant admits, however, that the plaintiff was an employee of AirWire from approximately February 2016 through December 31, 2017. Answering defendant denies each and every other allegation in paragraph 1 of the complaint.

2. Answering defendant admits that AirWire as alleged in paragraph 2 of the complaint, is a Nevada corporation with its principle place of business in Reno, Nevada. Answering defendant admits further that AirWire has registered with the Secretary of State of California, as a foreign corporation. Answering defendant denies that AirWire does business, as alleged in paragraph 2 of the complaint, in the County of Santa Clara, California.

3. Answering defendant admits, as alleged in paragraph 3 of the complaint, that Jon Bengtson is the Chairman and Chief Financial Officer of AirWire and is a resident of the City of Reno, State of Nevada. However, the status of Jon Bengtson as an officer of AirWire or a resident of Nevada is moot because his was dismissed from this action, with prejudice.

4. Answering defendant admits as alleged in paragraph 4 of the complaint, that defendant Debashis Bagchi is the Chief Executive Officer of AirWire and is a resident of the City of Reno, State of Nevada. However, the status of Debashis Bagchi as an officer of AirWire or a resident of Nevada is moot because his was dismissed from this action, with prejudice.

5. Answering defendant has insufficient information with which to admit or deny the allegations of paragraph 5 of the plaintiff's complaint and, therefore, denies the same.

JURISDICTION AND VENUE

6. Answering defendant admits that it is a citizen of a foreign state subject to personal jurisdiction pursuant to 28 U.S.C. § 1332(a). Answering defendant further admits that the amount in controversy exceeds $75,000, exclusive of interest and costs. The citizenship of Debashis Bagchi and Jon Bengtson are not of issue because they have been dismissed from this action, with prejudice.

7. Paragraph 7 of the complaint appears to consist of legal conclusions warranting no responsive pleading. If, however, a responsive pleading is required, answering defendant admits that plaintiff alleges claims under the FLSA and that the FLSA is a law of the United States. Answering defendant denies the remaining allegations of paragraph 7 of the complaint.

8. Paragraph 8 of the plaintiff's complaint, appears also to consist of legal conclusions warranting no responsive pleading. If, however, a responsive pleading is required, answering defendant admits to the jurisdiction of this Court because it conducts substantial business in the State of California, including the district in which this action. Whether this court has personal jurisdiction over Debashis Bagchi and Jon Bengtson is moot because they have been dismissed from this action, with prejudice.

9. Answering defendant admits, as alleged in paragraph 9 of the complaint, that AirWire has registered as a foreign corporation with the Secretary of State of the State of California.

10. Paragraph 10 of the complaint, appears to consist of legal conclusions warranting no responsive pleading. If, however, a responsive pleading is required, answering defendant denies that a substantial part of the events giving rise to the alleged claims arose in the District Court within which the complaint was filed. AirWire admits that it employed the plaintiff while he was in the State of California. The status of Debashis Bagchi and Jon Bengtson as employers under the FLSA is moot because they have been dismissed from this action, with prejudice. Answering defendant denies the remaining allegations of paragraph 10 of the complaint.

FACTS COMMON TO ALL CAUSES OF ACTION

11. Answering defendant admits, as alleged in paragraph 11 of the complaint, that A.S. Oberoi joined AirWire as its Vice President of World-Wide Business Development in February of 2016. Answering defendant admits, further, that the Company ceased making payments to the plaintiff on his salary by reason of poor financial conditions and prospects of the Company. Answering defendant denies that Debashis Bagchi and Jon Bengtson advised the plaintiff that imminent influxes of capital would permit the Company to resume payments on the plaintiff's salary as an inducement for the plaintiff to continue working for AirWire. Answering defendant admits that plaintiff and AirWire agreed that the plaintiff would continue working for a period of time but that the plaintiff would be compensated for his work at a later date, as evidenced by the fact that he chose to continue working without objection and that he did indeed receive substantial advances against the compensation he would receive at a later date. Answering defendant has insufficient information with which to admit or deny that the plaintiff depleted his savings and drained his 401K accounts and, therefore, denies the same.

12. Answering defendant denies as alleged in paragraph 12, that AirWire discontinued payment to the plaintiff of his salary. Rather, answering defendant avers that AirWire and the plaintiff agreed that the plaintiff would be paid for his services at a later date and in addition, in furtherance of this understanding, AirWire made significant advances to the plaintiff over the remainder of the 23 month period of time he was employed by the Company. Answering defendant avers, further, that in March of 2018, the officers of AirWire, like the plaintiff, were advised that AirWire would stop accruing payroll. The plaintiff was informed, then, he was free to find other work. Answering defendant denies each and every other allegation in paragraph 12 of the complaint.

13. Answering defendant admits as alleged in paragraph 13 of the complaint, that AirWire, through, Jon Bengtson, CFO of AirWire, circulated to the officers of AirWire that the Company would no longer accrue compensation for the officers and directors, including Mr. Bengtson and Mr. Bagchi, as of December 31, 2017. Answering defendant admits that the plaintiff had stayed with AirWire up to that date pursuant to the agreement that plaintiff would be compensated at a later date. Answering defendant denies the remaining allegations of paragraph 13.

14. Answering defendant denies, as alleged in paragraph 14 of the complaint, that AirWire owes Mr. Oberoi hundreds of thousands of dollars in back wages and denies, further, that it opted, instead of paying Mr. Oberoi, to pay significant advances to Mr. Bagchi and other officers. AirWire denies, further, as alleged in paragraph 14, that it invested in other business investments rather than pay the plaintiff, or for that matter Mr. Bengtson or Mr. Bagchi, their salaries. Answering defendant denies that AirWire owed Oberoi hundreds of thousands of

dollars. The allegations that Debashis Bagchi and Jon Bengtson owe any amount of money to the plaintiff is moot because they have been dismissed from this action, with prejudice. Answering defendant denies the remaining allegations of paragraph 14.

## FIRST CAUSE OF ACTON
## (FLSA MINIMUM WAGE VIOLATIONS 29 U.S.C. § 201, *et. seq.*)

15. Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 14 of this complaint as if set forth fully below.

16. Paragraph 16 appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, answering defendant denies that it had been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 2003, *et. seq.*, and that AirWire, was at all relevant times, covered by Title 29 U.S.C. § 2003(e)(1) of the FLSA of 1938. At all relevant times, AirWire never had the requisite revenues to qualify as a covered entity under the FLSA. The status of Debashis Bagchi and Jon Bengtson as employers under the FLSA, the California Labor Code, and under common law is moot because they have been dismissed from this action, with prejudice.

17. Paragraph 17 appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, answering defendant denies the allegations of paragraph 17.

18. Answering paragraph 18 of the complaint, answering defendant denies each and every allegation contained therein and avers, further, that AirWire and the plaintiff agreed the plaintiff would be compensated, later, as the Vice President, World-Wide Business Development, for AirWire.

6
DEFENDANT AIRWIRE TECHNOLOGIES' AMENDED ANSWER

19. Answering defendant denies the allegations of paragraph 19.

20. Paragraph 20 appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, answering defendant denies the allegations of paragraph 20.

21. The allegation that Jon Bengtson and Debashis Bagchi are individually liable because they exercised economic and operational control over the employment relationship of plaintiff and have ownership interests in AirWire is moot because they have been dismissed from this action, with prejudice. Answering defendant admits, as alleged in paragraph 21, that Bagchi was the Chief Executive Officer of AirWire and that as the plaintiff was Vice President of World-Wide Business Development for AirWire, his direct report was to Debashis Bagchi. Answering defendant admits that Jon Bengtson was and is AirWire's Chairman of Board of Directors of AirWire and the Chief Financial Officer (CFO) of the Company. As the plaintiff was a Vice President of the Company in charge of world-wide business development, he was expected to be a self-starter and to formulate business development plans and, therefore, answering defendant denies that Bagchi controlled and directed the plaintiff's work, both in terms of the means and manner in which the plaintiff performed his job. Answering defendant denies, however, that it made small installment payments to plaintiff's wages, instead advancing at least $100,000 to the plaintiff, in addition to $70,000 paid outright as compensation during the term of the plaintiff's employment by AirWire. Answering defendant denies the remaining allegations of paragraph 21.

22. Answering defendant denies the allegations set forth in paragraph 22 of the plaintiff's complaint, given that, in fact, the plaintiff was paid the minimum wage for the approximate two-year period of time he was employed by the Company.

23. Paragraph 23 appears to consist of a legal conclusion warranting no responsive pleading. It appears, however, to restate a portion of the relief the plaintiff seeks.

24. Answering defendant denies the allegations set forth in paragraph 24, and avers, in addition, that the plaintiff was paid $70,000 in compensation over the 23 month period of employment plus he received advances against compensation in excess of $100,000. Any shortfall in compensation was not willful but due to the agreement between AirWire and the plaintiff.

## SECOND CAUSE OF ACTION
(FLSA OVERTIME VIOLATIONS 29 U.S.C. § 201 et. seq.)

25. Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 24 of the complaint, as if set forth fully below.

26. Answering defendant denies the allegations in paragraph 26, save and except that 29 U.S.C. § 2000(e)(1) of the FLSA includes the language, "any person directly or indirectly in the interest of an employer relation to an employee."

27. The allegation that Jon Bengtson and Debashis Bagchi are individually liable because they exercised economic and operational control over the employment relationship of plaintiff and have ownership interests in AirWire is moot because they have been dismissed from this action, with prejudice. Answering defendant admits that Jon Bengtson and Debashis Bagchi have minority ownership interests as shareholders in AirWire. Answering defendant admits

further that Bagchi was the Chief Executive Officer of AirWire and that the plaintiff was Vice President of World-Wide Business Development for AirWire, his direct report was to Debashis Bagchi. Answering defendant admits, further, that Jon Bengtson was and is AirWire's Chairman of Board of Directors of AirWire and the Chief Financial Officer (CFO) of the Company. As the plaintiff was a Vice President of the Company in charge of world-wide business development, he was expected to be a self-starter and to formulate business development plans and, therefore, answering defendant denies that Bagchi controlled and directed the plaintiff's work, both in terms of the means and manner in which the plaintiff performed his job. Answering defendant admits further that defendant Bengtson, as CFO and Board Chairman, participated in this decision-making process in the management of the Company related to his position as CFO. Answering defendant denies, however, that it made small installment payments to plaintiff's wages, instead advancing at least $100,000 to the plaintiff, in addition to $70,000 paid outright as wages during the term of the plaintiff's employment by AirWire. Answering defendant denies the remaining allegations of paragraph 27.

28. Paragraph 28 of the plaintiff's complaint, appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required of AirWire, however, answering defendant denies that AirWire was not able to meet the salary basis threshold for any exemptions to the overtime wage requirements, having paid plaintiff more than the minimum wage under state or federal law. The allegation that Debashis Bagchi and Jon Bengtson were covered employers under the FLSA or the California Labor Code is moot because they were dismissed from this action, with prejudice. Answering defendant denies that AirWire stopped

9
DEFENDANT AIRWIRE TECHNOLOGIES' AMENDED ANSWER

paying plaintiffs wages. Instead, AirWire and the plaintiff had agreed that the plaintiff would be paid compensation due at a later date. That is, the compensation was owing but not yet due.

29. Answering defendant has insufficient information with which to admit or deny the allegations paragraph 29 of the complaint. If a responsive pleading is required, however, answering defendant has insufficient information to admit or deny the allegations of paragraph 29 and, therefore, denies the same.

30. Answering defendant denies the allegations of paragraph 30.

31. Answering defendant denies, as alleged in paragraph 31, that AirWire had a policy and practice of failing to make, keep and preserve accurate records required by the FLSA with respect to the plaintiff, as the plaintiff was an exempt employee under the FLSA who was paid the same amount per week/month, notwithstanding the actual hours worked or not worked. Answering defendant avers further that the compensation the plaintiff received exceeded that required by the FLSA. Answering defendant denies the remaining allegations of paragraph 31.

32. Answering defendant admits, as alleged in paragraph 32, that the plaintiff is seeking damages in the amount of unpaid overtime compensation, but denies each and every allegation that he is owed unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys fees and costs and any other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION (FAILURE TO PAY AGREED UPON WAGES VIOLATIONS OF CALIFORNIA LABOR § 200 *et. seq.*)

33. Answering defendant incorporates by reference its responses to paragraphs 1 through 32 of the plaintiff's complaint as if fully set forth below.

34. Answering defendant admits, as alleged in paragraph 34, that AirWire was, at all relevant times, the employer and the only employer of the plaintiff. Whether AirWire was, at all relevant times, an employer within the meaning of the California Labor Code and Industrial Welfare Commission, is a legal conclusion warranting no responsive pleading and a concept subject to proof at trial. The allegation that Debashis Bagchi and Jon Bengtson are individually liable is moot because they were dismissed from this action, with prejudice. Answering defendant denies the remaining allegations of paragraph 34.

35. Answering defendant admits as alleged in paragraph 35, that AirWire entered into an engagement with plaintiff, wherein AirWire would pay compensation on a semi-monthly basis which amounted to $175,000 per year. Answering defendant admits further that the position of Vice President of World-Wide Business Development carried with it all normal group health, dental and personal time off benefits in effect from time to time that were afforded the AirWire executive team in addition to an option to purchase 500,000 shares of the Company's common stock pursuant to the 2007 Stock Option Plan at the fair market value of the stock as determined by the Board of Directors at the time of the grant. Answering defendant denies the remaining allegations of paragraph 35.

36. Answering defendant admits as alleged in paragraph 36, that AirWire was unable to make payment to the plaintiff of his salary until the termination of his employment in March of 2018. Answering defendant denies the remaining allegations of paragraph 36.

37. Answering defendant admits as alleged in paragraph 37, that AirWire only was financially unable to pay plaintiff his salary after June 2016, but that AirWire made significant advances amounting in excess of $100,000 to the plaintiff, thereafter. AirWire also paid

11
DEFENDANT AIRWIRE TECHNOLOGIES' AMENDED ANSWER

plaintiff compensation in excess of that which might be due under the Fair Labor Standards Act or the State of California minimum wage provisions. Answering defendant denies the remaining allegations of paragraph 37.

38. Answering defendant has insufficient information with which to admit or deny the allegations of paragraph 38 and, therefore, denies the same.

39. Answering defendant denies the allegations of paragraph 39 of the complaint.

## FOURTH CAUSE OF ACTION (FAILURE TO PAY AT LEAST THE LEGAL MINIMUM WAGE RATE FOR ALL HOURS WORKED (IWC WAGE ORDER No. 4 § 4, Labor Code § 1194, § 1197)

40. Answering defendant incorporates by reference its responses to paragraphs 1 through 39, as if set forth fully below.

41. Answering defendant admits as alleged in paragraph 41, that AirWire was, at all relevant times, the employer and the only employer of the plaintiff. Whether AirWire was, at all relevant times, an employer within the meaning of the California Labor Code and Industrial Welfare Commission, is a legal conclusion warranting no responsive pleading and a concept subject to proof at trial. The allegation that Jon Bengtson and Debashis Bagchi are individually liable because they were acting on behalf of Defendant AirWire and were owners, officers, and managing agents of AirWire is moot because they have been dismissed from this action, with prejudice. Answering defendant denies the remaining allegations of paragraph 41.

42. Answering paragraph 42, answering defendant denies AirWire stopped paying "wages" to the plaintiff. Rather, AirWire and the plaintiff agreed that the plaintiff would be compensated later at such time as funds were available. Furthermore, the plaintiff was actually paid compensation in excess of the minimum wage requirements of the FLSA and the California

Labor Code. Moreover, the plaintiff was an exempt employee under the FLSA and the California Labor Code.

43. Paragraph 43 appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, answering defendant admits that the plaintiff was entitled to be paid compensation under his employment agreement with AirWire but that AirWire and the plaintiff agreed he would be paid at a later date.

44. Answering defendant denies the allegations contained in paragraph 44. Further, Answering defendant avers that AirWire and the plaintiff agreed that the plaintiff would be paid compensation at a later date as further alleged herein.

45. Answering defendant denies the allegations of paragraph 45.

46. Answering defendant denies the allegations of paragraph 46.

47. Answering defendant denies the allegations of paragraph 47.

FIFTH CAUSE OF ACTION (FAILURE TO PAY OVERTIME WAGES, IWC WAGE ORDER No. 4 § 3 Labor Code § 510, 218.6, 1194)

48. Answering defendant incorporates by reference its responses to paragraphs 1 through 47 of the plaintiff's complaint, as if set forth below.

49. Answering defendant admits as alleged in paragraph 49 that AirWire was, at all relevant times, the employer of the plaintiff. The allegation that Jon Bengtson and Debashis Bagchi are individually liable is moot because they have been dismissed from this action, with prejudice. Whether AirWire was, at all relevant times, an employer within the meaning of the California Labor Code and Industrial Welfare Commission, is a legal conclusion warranting no

responsive pleading and a concept subject to proof at trial. Answering defendant denies the remaining allegations of paragraph 49.

50. Paragraph 50 appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, answering defendant admits that the only defendant subject to § 510 of the California Code and § 3 of the California IWC Wage Order No. 4 is AirWire, the Company. Answering defendant admits further that employees who are otherwise not exempt are to be compensated under state law at the rate of no less than one and one-half the regular time for any and all work in excess of eight hours in one work day, work in excess of 40 hours in one work week, any work on the seventh day of any work week and at a rate of no less than double the regular rate for hours worked over 12 in a day or in excess of eight hours on the seventh consecutive day. Answering defendant denies the remaining allegations of paragraph 50.

51. Answering defendant denies the allegations of paragraph 51. Answering defendant denies that the plaintiff was denied any overtime pay as the plaintiff was an exempt Vice-President of World-Wide Business Development under the California Labor Code. Further, Answering defendant denies that the plaintiff was required or suffered to work without compensation at any relevant time. Rather, AirWire and the plaintiff agreed that the plaintiff would be compensated at a later date as evidenced by the fact that he continued working and received substantial advances while he continued to work.

52. Answering defendant denies the allegations of paragraphs 52.

53. Answering defendant denies the allegations of paragraphs 53.

54. Answering defendant denies the allegations of paragraphs 54.

## SIXTH CAUSE OF ACTION (FAILURE TO PAY WAGES AT TIME OF TERMINATION, VIOLATIONS OF CALIFORNIA CODE § 201 *et. seq.*)

55. Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 54 of this complaint, as if set forth fully below.

56. Answering defendant admits as alleged in paragraph 56 that AirWire was, at all relevant times, the employer and the only employer of the plaintiff. Whether AirWire was, at all relevant times, an employer within the meaning of the California Labor Code and Industrial Welfare Commission, is a legal conclusion warranting no responsive pleading and a concept subject to proof at trial. The allegation that Jon Bengtson and Debashis Bagchi are individually liable is moot because they have been dismissed from this action, with prejudice. Answering defendant denies the remaining allegations of paragraph 56.

57. Answering defendant denies the allegations of paragraph 57.

58. Answering defendant denies the allegations of paragraph 58.

59. Answering defendant denies the allegations of paragraph 59.

60. Answering defendant denies the allegations of paragraph 60.

## SEVENTH CAUSE OF ACTION (UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200)

61. Answering defendant incorporates by reference its responses to paragraphs 1 through 60 of this complaint, as if set forth fully below.

62. Answering defendant denies the allegations of paragraph 62.

63. Answering defendant denies the allegations of paragraph 63.

64. Answering defendant denies the allegations of paragraph 64.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim against defendant upon which relief can be granted.

2. Plaintiff failed to mitigate damages and/or losses claimed to have been suffered by him.

3. Without admitting that this answering defendant has any dealings whatsoever with plaintiff at all times, referred to in the complaint, the answering defendant exercised due care and good faith towards the Plaintiff.

4. Plaintiff was an executive holding the position of Vice President of World-Wide Business Development for AirWire and was at all relevant times an exempt administrative employee of AirWire, pursuant to 29 CFR 541.200. Therefore, Plaintiff should take nothing by way of the Complaint based upon the FLSA or the California Labor Code.

5. Plaintiff was an executive holding the position of Vice President of World-Wide Business Development for AirWire wherein his primary task was to obtain orders or contracts for services for which a consideration will be paid by AirWire's customer and was at all relevant times an exempt outside sales person of AirWire, pursuant to 29 CFR 541.500. Therefore, Plaintiff should take nothing by way of the Complaint based upon the FLSA or the California Labor Code.

6. AirWire was not a covered entity under the FLSA, as its gross volume of income, sales and business done was less than $500,000 annually at all pertinent times.

7. Plaintiff was exempt from the protections of the California Labor Code and should take nothing by way of his complaint based upon the California Labor Code.

8. Plaintiff was paid, in fact, by AirWire in amounts in excess of any amount due under either the California minimum wage law or the Fair Labor Standards Act minimum wage requirements, both as to the hourly rage rate as well as any overtime compensation.

9. Without conceding liability by the defendant, they are entitled to a setoff of at least $170,000 from any award that Plaintiff might receive.

10. Plaintiff's complaint fails in all respects as AirWire and the plaintiff agreed the plaintiff would be fully compensated at a later date as evidenced in part by the fact that the plaintiff continued to work without complaint while receiving substantial advances from AirWire, thereby also preserving his opportunity to acquire 500,000 shares of stock in the company under the AirWire stock option plan.

11. It has become necessary for answering defendant to employ legal counsel and incur costs and expenses in the defense of Oberoi's complaint, such that defendant is entitled to reasonable attorneys fees, costs and expenses.

12. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, at the time of the filing of answering defendant's answer, all possible affirmative defenses may not have been alleged as much as insufficient facts and other relevant information may not have been available after reasonable inquiry and, therefore, answering defendant reserves the right to amend this answer to allege affirmative defenses if subsequent investigation warrants the same.

///

Wherefore, the answering defendant pray as follows:

I. That the plaintiff's complaint be dismissed with prejudice and that the plaintiff take nothing thereby;

II. That the Court award to the answering defendant, reasonable attorneys fees and costs incurred herein; and

III. For such other, further and additional relief as deemed just to the Court in the premises.

Dated this 23rd day of August, 2022.

By: /s/Robert I. Lockwood, Esq.
Robert I Lockwood, SB# 259870
LEWIS BRISBOIS BIGAARD &
SMITH, LLP
333 Bush Street, Suite 1100
San Fracisco, CA 94104-2872
*Attorneys for defendant*
AIRWIRE TECHNOLOGIES, Debashis Bagchi and Jon Bengtson

By: /s/Charles R. Zeh, Esq.
Charles R. Zeh, Esq.
Pro Hac Vice
Nevada State Bar No. 01739
Law Offices of Charles R. Zeh, Esq.
50 West Liberty St., Suite 950
Reno, NV 89501
*Attorneys for defendant*
AIRWIRE TECHNOLOGIES, Debashis Bagchi and Jon Bengtson

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing *Amended Answer of Defendants AirWire Technologies, Jon Bengtson and Debashis Bagchi,* was made through the court's electronic filing and notice system (CM/ECF) or, as appropriate, by first class mail from Reno, Nevada, addressed to the following :

Chaya M. Mandelbaum and Erin M. Pulaski
Rudy, Exelrod, Zieff & Lowe, LLP
351 California Street, Suite 700
San Francisco, CA 94101

Dated this 23rd day of August, 2022.

_____
Employee of
The Law Offices of Charles R. Zeh, Esq.

S:\Clients\Airwire Technologies\California Federal 5 20-cv-00753\Pleadings\Amended.Answer.wpd